PEOPLES FEDERAL SAVINGS & LOAN ASSOCIATION OF SIDNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peoples Fed. Sav. & Loan Ass'n v. Commissioner
Docket No. 36924-87
United States Tax Court
T.C. Memo 1990-129; 1990 Tax Ct. Memo LEXIS 129; 59 T.C.M. (CCH) 85; T.C.M. (RIA) 90129; March 13, 1990
Ralph F. Keister and Thomas J. Potts, for the petitioner. Nancy B. Herbert, for the respondent. WELLS
*214 MEMORANDUM OPINION
*131 WELLS, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Year
Deficiency
1978
$ 110,885
1979
$ 11,692
1980
$ 10,029
After concessions, the issue presented is whether certain portions of section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., are valid. For certain financial institutions, including petitioner, the deduction for addition to bad debt reserve is generally equal to a percentage of the financial institution's taxable income. The challenged portions of the regulation require that taxable income reflect any net operating loss carrybacks before the deduction for addition to bad debt reserve is calculated. The facts are fully stipulated. We incorporate by reference the stipulation of facts and attached exhibits. Petitioner had its principal place of business in Sidney, Ohio, when it filed its petition. From 1971 through 1980, petitioner deducted additions to a reserve for bad debts. Petitioner calculated those amounts by using the "percentage of taxable income method" set forth in section 593(b)(2)(A). [1] For those years, section 166(c) permitted taxpayers to deduct a "reasonable addition" to *132 bad debt reserve, in lieu of specific debts as they became worthless. Section 593(b) defined the term "reasonable addition" for certain financial institutions, including petitioner. Under that subsection, the deduction for addition to reserve with respect to "qualifying real property loans" (generally those loans secured by improved real property (section 593(d))) was subject to various limits, one of which was set forth in section 593(b)(2)(A). That provision limited the deduction to "the applicable percentage of the taxable income" for the year. [2]
*133 The parties agree that without considering the effect of net operating loss carrybacks or certain post-audit adjustments to taxable income, petitioner properly calculated its reserve deductions for 1971 through 1980. From 1981 through 1983, petitioner sustained net operating losses within the meaning of section 172(c) ("NOL"s) in the amounts of $ 410,791, $ 563,491, and $ 379,652. Under section 172(b)(1)(F), those NOLs may be carried back to each of the ten taxable years preceding each of the loss years. Central to resolution of the instant case is the interplay between NOL carrybacks and the deduction for addition to bad debt reserve calculated under the percentage of taxable income method. Respondent contends that petitioner's NOL carrybacks from 1982 and 1983 [3] reduce petitioner's deductions under section 593(b)(2)(A) for carryback years by reducing the "taxable income" base used in calculating the deduction for each of those years. As a consequence, according to respondent, a larger *215 portion of the NOLs are "absorbed" by the increase in taxable income for the carryback years, and a smaller portion of the NOLs remains available for the years in issue, i.e., 1978, *134 1979, and 1980. Deficiencies result for these years, according to respondent, because section 172(a) deductions are reduced or eliminated. In other words, respondent advocates an ordering rule which, under the facts of this case, results in faster absorption of NOLs. Subdivisions (vi) and (vii) of section 1.593-6A(b)(5), Income Tax Regs., support respondent's position. The provisions generally require that taxable income reflect any NOL carrybacks before the deduction for addition to bad debt reserve is calculated. Specifically, the pertinent portions of the regulation provide *135 as follows: (5) Computation of taxable income. For purposes of * * * [calculating the deduction for addition to bad debt reserve under the percentage of taxable income method], taxable income is computed -- * * * (vi) For taxable years beginning before January 1, 1978, without regard to any deduction the amount of which is computed upon, or may be subject to a limitation computed upon, the amount of taxable income, and without regard to any net operating loss carryback to such year from a taxable year beginning before January 1, 1979. (For purposes of this subparagraph, a net operating loss deduction under section 172 is not a deduction the amount of which may be subject to a limitation computed upon the amount of taxable income.) (vii) For taxable years beginning after December 31, 1977, by taking into account any deduction the amount of which is computed upon, or may be subject to a limitation computed upon, the amount of taxable income, and any other deduction or loss allowed under subtitle A of the Code, such as any deduction allowable under section 172 or any loss allowable under section 1212(a), unless otherwise provided in this subparagraph. For taxable years *136 beginning after December 31, 1977, subdivision (vii) expressly requires that taxable income reflect the section 172(a) deduction prior to calculating the deduction for addition to bad debt reserve. For taxable years beginning before January 1, 1978, subdivision (vi) requires, by negative implication, that taxable income reflect NOL carrybacks from years beginning after December 31, 1978, prior to calculating the deduction. As originally promulgated on May 17, 1978, the ordering rule was to affect only taxable years beginning after December 31, 1977. T.D. 7549, 1978-1 C.B. 185, 186. Proposed amendments to the regulation would have required retroactive use of the ordering rule for NOLs occurring after 1977 (43 Fed. Reg. 60964 (1978)), but the regulation was amended on May 30, 1979, to have retroactive effect only for NOLs occurring after 1978. T.D. 7626, 1979-2 C.B. 239, 240. Petitioner argues that the foregoing provisions are invalid and that it should be permitted to use the ordering rule in effect prior to publication of the regulation containing the challenged provisions on May 17, 1978. The ordering rule proposed by petitioner requires *137 calculation of the deduction for addition to bad debt reserve before any NOL carrybacks are reflected in the calculation of taxable income. The only issue presented in the instant case was addressed by this Court in Pacific First Federal Savings Bank v. Commissioner, 94 T.C. (February 27, 1990). In that case, we held the challenged provisions invalid. In addition to the arguments advanced in that case, respondent contends that the ordering rule advocated by petitioner unreasonably distinguishes NOL carrybacks from NOL carryforwards by providing that the latter, but not the former, affect the reserve deduction. We do not view the distinction as unreasonable. The amount of any NOL carryforwards to a taxable year is known when the reserve deduction for that year is calculated. NOL carrybacks, in contrast, materialize in subsequent years, and if they are to similarly impact the reserve deduction, then a recalculation of the deduction will be required. In any event, the "unreasonable" distinction was settled law for some 20 years prior to Treasury's promulgation of the regulation in issue, and in Pacific First Federal Savings Bank we held that the reversal violated *138 Congressional intent and was therefore an invalid exercise of Treasury's rule-making authority. We do not here repeat our reasons for reaching that conclusion, and our holding in Pacific First Federal Savings Bank that the challenged provisions of section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., are invalid disposes of the only issue in the instant case. To reflect the foregoing and concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. During relevant times, the portions of section 593 pertinent to the instant case provided as follows: (b) Addition to Reserves for Bad Debts. -- (1) In general. -- For purposes of section 166(c), the reasonable addition for the taxable year to the reserve for bad debts * * * shall be an amount equal to the sum of -- * * * (B) the amount determined by the taxpayer to be a reasonable addition to the reserve for losses on qualifying real property loans, but such amount shall not exceed the amount determined under paragraph (2), (3), or (4), whichever amount is the largest, * * * (2) Percentage of taxable income method. -- (A) In general. -- * * * the amount determined under this paragraph for the taxable year shall be an amount equal to the applicable percentage of the taxable income for such year (determined under the following table): ↩
For a taxable year
The applicable percentage
beginning in     under this paragraph shall be --
1971
54 percent
1972
51 percent
1973
49 percent
1974
47 percent
1975
45 percent
1976
43 percent
1977
42 percent
1978
41 percent
1979 or thereafter
40 percent
3. Section 6501(h) provides that a deficiency "attributable to the application * * * of a net operating loss carryback * * * may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss * * * which results in such carryback may be assessed." The parties agree that the notice of deficiency in the instant case was issued after expiration of the period of limitation for assessment for 1981. The parties also agree that no portion of the determined deficiencies is attributable to the 1981 NOL.↩